Robert L. Zaletel, Esq. (SB# 096262)
Christopher B. Whitman, Esq. (SB# 223636)
**McQUAID BEDFORD & VAN ZANDT LLP**
221 Main Street, 16th Floor
San Francisco, CA 94105
Telephone: 415/905-0200
Facsimile: 415/905-0202
*rzaletel@mbvz.com*
Attorneys for Defendant ANDOVER
PRINTING SERVICES LTD.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DOUGLAS CHIN,<br><br>        Plaintiff,<br><br>vs.<br><br>COLOR TECH CORPORATION (a California corporation), VIP LITHO (an unidentified business entity), ANDOVER PRINTING SERVICES LTD. (an unidentified business entity), KINGSTON KU (an individual), and DOES I through X,<br><br>        Defendants. | Case No. C 08-01730 JL<br><br>**ANDOVER PRINTING SERVICES LTD. ANSWER TO SECOND AMENDED COMPLAINT** |

        Defendant ANDOVER PRINTING SERVICES LTD. ("Andover" or "Defendant") in answer to Plaintiff's Second Amended Complaint, responds as follows:

        1.    In answering the allegations of Paragraphs 1, 2, 4, 5, 7, Defendant lacks sufficient information to respond and on that basis denies generally and specifically, each and every, all and singular, of the allegations contained therein.

        2.    In answering Paragraph 3 of the Complaint, Defendant admits that on or about January 15, 2008, Andover Printing Services Ltd. purchased certain assets of Color Tech Corporation, hired

some Color Tech employees, and presently operates printing facilities in the facilities formerly occupied by Color Tech Corporation. As to the remainder of the allegations in Paragraph 3, Defendant denies generally and specifically, each and every, all and singular, all of the allegations contained therein.

3. Answering Paragraphs 6 and 9, Defendant denies generally and specifically, each and every, all and singular, all of the allegations contained therein.

4. Answering Paragraph 10, Defendant incorporates by reference as if fully set forth herein, its responses to Paragraphs 1 through 9 of the Complaint.

5. Answering the allegations of Paragraphs 11, 12, 13, 14, 15, 16, 17, and 18, Defendant lacks sufficient information to respond and on that basis denies generally and specifically, each and every, all and singular, of the allegations contained therein.

6. Answering Paragraph 19 of the Complaint, Defendant incorporates by reference as if fully set forth herein, its responses to the allegations in Paragraphs 1 through 18 of the Complaint.

7. Answering the allegations of Paragraph 20 through 22, Defendant lacks sufficient information to respond and on that basis denies generally and specifically, each and every, all and singular, of the allegations contained therein.

8. Answering Paragraph 23, Defendant denies generally and specifically, each and every, all and singular, all of the allegations contained therein.

9. Answering Paragraph 24, Defendant incorporates by reference as if fully set forth herein, its responses to the allegations in Paragraphs 1 through 23 of the Complaint.

10. Answering the allegations of Paragraphs 25 through 31, Defendant lacks sufficient information to respond and on that basis denies generally and specifically, each and every, all and singular, all of the allegations contained therein.

11. Answering the allegations of Paragraph 32 of the Complaint, Defendant incorporates by reference as if fully set forth herein, its response to the allegations in Paragraphs 1 through 31.

12. Answering the allegations of Paragraphs 33 through 39, Defendant lacks sufficient information to respond and on that basis denies generally and specifically, each and every, all and singular, of the allegations contained therein. Defendant Andover denies that it failed to pay Plaintiff overtime as it was not Plaintiff's employer.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim against Defendants upon which relief may be granted.

2. Plaintiff's claims are barred by the doctrine of unclean hands.

3. There has been a misjoinder of parties.

4. Plaintiff is equitably estopped to assert any claim for relief against Defendant.

5. Plaintiff's Complaint is barred by the doctrine of waiver.

6. Plaintiff's Complaint is barred by the doctrine of unreasonable delay or laches.

7. Plaintiff failed to mitigate his damages.

8. Plaintiff's Complaint is barred in whole or in part by the applicable statute of limitations including, but not limited to, 29 U.S.C. §255(a), CCP § 338, CCP §335.1, CCP §340, B&P § 17208.

9. As Defendant's actions were taken in good faith and Defendant had reasonable grounds for believing that its actions were not violative of the FLSA, liquidated damages may not be recovered.

10. Without conceding that Defendant violated the FLSA, any such actions were not wilful.

11. Plaintiff is exempt from the overtime pay by virtue of any applicable exemptions, including but not limited to the managerial and/or administrative exemptions.

12. Plaintiff is not entitled to overtime to the extent that the employer had no knowledge of or reason to know of such overtime work.

13. Some or all of the hours for which Plaintiff claims compensation are not considered hours worked under the FLSA and Portal-to-Portal Act, 29 U.S.C. § 254, or comparable state law.

14. The employer is not liable to the extent it acted in good faith conformity with and upon reliance of any written administrative regulation, order, ruling, approval or interpretation of the administrator of the Wage Hour Division regarding administrative practice or enforcement policy of the Department of Labor. 29 U.S.C. § 259.

15. Without conceding that Plaintiff worked overtime, such time was de minimis.

16. Plaintiff may not recover for preliminary, postliminary and travel time.

17. It would be inequitable to impose successorship liability on Defendant.

18. Defendant's conduct was not wilful and it would be inequitable to impose penalties.

WHEREFORE, Defendant ANDOVER PRINTING SERVICES LTD. prays for judgment against Plaintiff as follows:

1. That Plaintiff's Complaint be dismissed in its entirety;

2. For Defendant's cost of suit;

3. For an award of reasonable attorneys' fees; and

4. For any further relief as the Court deems just and proper.

Dated: April 7, 2008                            McQUAID BEDFORD & VAN ZANDT LLP


By: /s/ Robert L. Zaletel
Robert L. Zaletel
Attorneys for Defendant ANDOVER
PRINTING SERVICES LTD.

*Chin v. Color Tech Corporation, et al.*
USDC, N. Dist. of CA Case No. CV-08-1730

## PROOF OF SERVICE

The undersigned hereby declares:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to the within action; my business address is 221 Main Street, 16th Floor, San Francisco, California, 94105. On **April 7, 2008**, I served the documents listed on the attached Service List on interested parties as follows:

- **ANDOVER PRINTING SERVICES LTD. ANSWER TO SECOND AMENDED COMPLAINT**
- **CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**
- **DECLINATION TO PROCEED BEFORE A MAGISTRATE JUDGE AND REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE**

A    By First Class Mail -- I caused each such envelope, with first-class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. mail in San Francisco, California, for collection and mailing to the office of the addressee on the date shown herein following ordinary business practices.

B    By Personal Service -- I caused each such envelope to be personally delivered to the addressee by a member of the staff of this law firm on the date last written below.

C    By Personal Service - I caused each such envelope to be delivered to a courier who personally delivered each such envelope to the office of the addressee on the date last written below.

D    By UPS -- I caused each such envelope to be delivered to UPS at San Francisco, California, with whom we have a direct billing account to be delivered to the office of the addressee on the next business day.

E    By Facsimile -- I caused such document to be served *via facsimile* electronic equipment transmission (fax) on the parties in this action by transmitting a true copy to the fax numbers listed on the attached Service List.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 7th day of April, 2008, in San Francisco, California.

_____
Ilze Palms

PROOF OF SERVICE                                                          Case No.

# SERVICE LIST

| TYPE OF SERVICE | ADDRESSEE | PARTY |
|---|---|---|
| [A] | Bryan J. McCormack, Esq.<br>McCormack Law Firm<br>120 Montgomery Street, Suite 1600<br>San Francisco, CA 94104<br>Tel: 415.440-6662<br>Fax: 415/776-5687 | Plaintiff |
| [A] | David V. Duperrault, Esq.<br>Dawn C. Houston, Esq.<br>SILICON VALLEY LAW GROUP<br>25 Metro Drive, Suite 600<br>San Jose, CA 95110<br>Telephone: 408/573-5700<br>Facsimile: 408/573-5701 | Defendants Color Tech Corp. |
| [A] | Kingston Ku<br>161 Laurie Meadows Dr., Apt. 576<br>Building R2<br>San Mateo, CA 94403<br>Tel: 650/280-5800<br>E-mail: kingstonku@comcast.net | In pro per |

PROOF OF SERVICE                                   Case No.