**Kington Ku, In Pro Per**
161 Laurie Meadows Drive, Apt. 576
Building R2
San Mateo, CA 94403

Telephone: (650) 280-5800

FILED

APR 22 PM 3: 38

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DOUGLAS CHIN, an individual ) | Case No. C 08-01730 JL VRW |
| Plaintiff, ) | **KINGSTON KU'S ANSWER TO SECOND AMENDED COMPLAINT** |
| v. ) | |
| COLOR TECH CORPORATION (a California corporation), VIP LITHO (an unidentified business entity), ANDOVER PRINTING SERVICES LTD. (an unidentified business entity), KINGSTON KU (an Individual), and DOES I through X ) | BY FAX |
| Defendant | |

Defendant KINGSTON KU ("Defendant") in answer to Plaintiff's Second Amended Complaint, responds as follows:

1. Answering Paragraphs 1, 4, 6 and 9, Defendant denies generally and specifically, each and every, all and singular, all of the allegations contained therein.

2. In answering Paragraph 2 of the Complaint, Defendant admits that on or about November 1, 2006, COLOR TECH CORPORATION and VIP LITHO, an unidentified business entity operating and existing under the laws of the state of California, merged.

---

DEFENDANT'S ANSWER TO PLAINTIFF'S SECONDED AMENDED COMPLAINT

1

10230702

3. In answering Paragraph 3 of the Complaint, Defendant admits that on or about January 15, 2008, Andover Printing Services Ltd. Purchased certain assets of Color Tech Corporation and hired some Color Tech employees. As to the remainder of the allegations in Paragraph 3, Defendant denies generally and specifically, each and every, all and singular, all of the allegations contained therein.

4. In answering the allegations of Paragraphs 5, 7 and 8 Defendant lacks sufficient information to respond and on that basis denies generally and specifically, each and every, all and singular, of the allegations contained therein.

5 Answering Paragraph 10, Defendant incorporates by reference as if fully set forth herein, its responses to Paragraphs 1 through 9 of the Complaint.

6 Answering the allegations of Paragraphs 11, 12, 13, 14, 15, 16, 17, and 18, Defendant lacks sufficient information to respond and on that basis denies generally and specifically, each and every, all and singular, of the allegations contained therein.

7 Answering Paragraph 19 of the Complaint, Defendant incorporates by reference as if fully set forth herein, its responses to the allegations in Paragraphs 1 through 18 of the Complaint.

8 Answering the allegations of Paragraphs 20 through 22, Defendant lacks sufficient information to respond and on that basis denies generally and specifically, each and every, all and singular, of the allegations contained therein.

9 Answering Paragraph 23, Defendant denies generally and specifically, each and every, all and singular, of the allegations contained therein.

10. Answering Paragraph 24, Defendant incorporates by reference as if fully set forth herein, its responses to the allegations in Paragraphs 1 through 23 of the Complaint.

11.   Answering the allegations of Paragraphs 25 through 31, Defendant lacks sufficient information to respond and on that basis denies generally and specifically, each and every, all and singular, all of the allegations contained therein.

12.   Answering the allegations of Paragraph 32 of the Complaint, Defendant incorporates by reference as if fully set forth herein, its response to the allegations in Paragraphs 1 through 31.

13.   Answering the allegations of Paragraphs 33 through 39, Defendant lacks sufficient information to respond and on that basis denies generally and specifically, each and every, all and singular, of the allegations contained therein. Defendant Kingston Ku denies that it failed to pay Plaintiff overtime as he was not Plaintiff's employer.

## AFFIRMATIVE DEFENSES

1.   Plaintiff's Complaint fails to state a claim against Defendants upon which relief may be granted.

2.   Plaintiff's claims are barred by the doctrine of unclean hands.

3.   There has been a misjoinder of parties.

4.   Plaintiff is equitably estopped to assert any claim for relief against Defendant.

5.   Plaintiff's Complaint is barred by the doctrine of waiver.

6.   Plaintiff's Complaint is barred by the doctrine of unreasonable delay or laches.

7.   Plaintiff failed to mitigate his damages.

8.   Plaintiff's Complaint is barred in whole or in part by the applicable statue of limitations including, but not limited to, 29 U.S.C. §255(a), CCP §338, CCP § 335.1, CPP §340, B&P §17208.

9. As Defendant's actions were taken in good faith and Defendant has reasonable grounds for believing that its actions were not violative of the FLSA, liquidated damages may not be recovered.

10. Without conceding that Defendant violated the FLSA, any such actions were not willful.

11. Plaintiff's exempt from the overtime pay by virtue of any applicable exemptions including, but not limited to, the managerial and/or administrative exemptions.

12. Plaintiff is not entitled to overtime to the extent that the employer had no knowledge of or reason to know of such overtime work.

13. Some or all of the hours for which Plaintiff claims compensation are not considered hours worked under the FLSA and Portal-to-Portal Act, 29 U.S.C. §254, or comparable state law.

14. The employer is not liable to the extent it acted in good faith conformity with and upon reliance of any written administrative regulation, order, ruling, approval or interpretation of the administrator of the Wage Hour Division regarding administrative practice or enforcement policy of the Department of Labor. 29 U.S.C. §259.

15. Without conceding that Plaintiff worked overtime, such time was de minimis.

16. Plaintiff may not recover for preliminary, postliminary and travel time.

17. It would be inequitable to impose alter ego liability on Defendant.

18. Defendant's conduct was not willful and it would be inequitable to impose penalties.

WHEREFORE, Defendant KINGSTON KU, prays for judgment against Plaintiff as follows:

1. That Plaintiff's Complaint be dismissed in its entirety;

2. For Defendant's cost of suit;

3. For an award of reasonable attorneys' fees; and

//

1  //

2

3      4.    For any further relief as the Court deems just and proper.

4

5  Dated: 4/21/08

6

7                                  Kingston Ku
                                In Pro Per

DEFENDANT'S ANSWER TO PLAINTIFF'S SECONDED AMENDED COMPLAINT

5

10230702